FRED M. FITZGERALD V. STATE OF NEBRASKA.

FILED MAY 13, 1912.   No. 17,506.

Kidnapping: SUFFICIENCY OF EVIDENCE. The evidence examined, and *held* insufficient to support the verdict.

ERROR to the district court for Hayes county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*P. W. Scott,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

HAMER, J.

The plaintiff in error, Fred M. Fitzgerald, hereinafter

called the defendant, was informed against in the district court for Hayes county on the 13th day of November, 1911, in an information by the county attorney, who charged in the information: "That on the 9th day of September, 1911, in the county of Hayes, and state of Nebraska, Fred M. Fitzgerald, then and there being, did unlawfully, maliciously and fraudulently lead, take, entice and carry away one Alice Barrett, then and there being a female child under the age of eighteen years, to wit, the age of sixteen years, with the intent of the said Fred M. Fitzgerald unlawfully to detain said child from one W. B. Barrett, the father of said child, and then and there having the legal custody of said child, Alice Barrett, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Nebraska."

The information was prepared and filed under section 20 of the criminal code, which reads: "Any person who shall maliciously or forcibly or fraudulently lead, take, or carry away, or decoy, or entice away, any child under the age of eighteen years, with intent unlawfully to detain or conceal such child from its parent or parents, or guardian, or other person having the lawful charge of such child, shall be imprisoned in the penitentiary not more than twenty years nor less than one year."

Alice Barrett is shown by the evidence to have been a young lady 16 years old at the time of the commission of the alleged crime. She resided with her father and mother in Hayes county, Nebraska. Against the expressed wish of her father, she had a lover, Fred M. Fitzgerald. They had been lovers about four months. They became engaged to be married. As the father objected, they planned to elope. On the evening of September 9, 1911, the young lady left home with her brother and sister to go to a dance. The brother seems to have known that Alice was to meet Fred on the way to the dance. Alice and Fred had met in the same way once before. The brother seems to have had knowledge of the friendship entertained by

Alice for Fred.  On the way to the dance Alice got out of her brother's buggy and got into a buggy with Fred.  She was acting voluntarily, and seemingly without her brother's opposition.  Fred and his prospective wife drove to North Platte, and from there they went by train to Missouri, where they applied for a marriage license, which was refused.  Then they went to Nebraska City, where they procured a license, and they were married on September 11, 1911, and then they returned home to the residence of the husband in Hayes county, and about a quarter of a mile distant from the home of the bride's parents.  When the bride's mother telephoned them to come over to the house, they both went over.  There was no objection from Fred.

An examination of the section under which the information was filed shows that the criminal intent necessary to make the defendant guilty in such case is "to detain or conceal such child from its parent or parents, or guardian, or other person having lawful charge" thereof.  The facts show that it was a case of eloping for the very natural purpose of getting married.  The alleged criminal act was not done "maliciously or forcibly or fraudulently."  Neither was it done to detain or conceal the young lady from her father.  The going away was voluntary on both sides, so was the getting married, so was the returning; and, when the mother invited them home, the young husband and wife both appeared together at the paternal residence.  They announced their marriage.  There was no detention or concealment from the beginning to the end.  The court is unanimously of the opinion that the section referred to is wholly inapplicable to this case.

The judgment of the district court is reversed and the case remanded, with directions to dismiss the information and discharge the defendant.

REVERSED.